RONALD A. SARTIN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 164, 2009.
Supreme Court of Delaware.
Submitted: August 10, 2009.
Decided: September 10, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 10th day of September 2009, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) In July 2008, the defendant-appellant, Ronald Sartin (Sartin), pled guilty to one count of third degree burglary and one count of second degree conspiracy. The Superior Court sentenced Sartin to a total period of three years at Level V incarceration, to be suspended immediately for probation. In February 2009, Sartin was found to have violated the conditions of his probation for the second time by violating the provision that imposed a zero tolerance for drug use. The Superior Court reimposed the original three-year sentence but suspended the remainder of his sentence upon Sartin's successful completion of the Key Program for eighteen months at Level IV Crest and Level III Crest Aftercare. This is Sartin's appeal from his VOP sentence.
(2) Sartin's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Sartin's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Sartin's attorney informed him of the provisions of Rule 26(c) and provided Sartin with a copy of the motion to withdraw and the accompanying brief. Sartin also was informed of his right to supplement his attorney's presentation. Sartin has not raised any issues for this Court's consideration. The State has responded to the position taken by Sartin's counsel and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]
(4) This Court has reviewed the record carefully and has concluded that Sartin's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Sartin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Sartin could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[*] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).